Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 17, 2012, which denied defendant Lenox Hill Hospital’s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant the motion as to the cause of action alleging that the hospital negligently granted privileges to the individual defendants and that it failed to obtain informed consent, and otherwise affirmed, without costs.
The hospital’s failure to reproduce certain portions of plaintiff Christina Collins’s medical chart, including the progress notes and the nurses’ notes, rendered it unable to establish prima facie that its employees were not negligent in the provision of care to her.
We note that in any event plaintiffs failed to raise an issue of fact as to the negligence of a nonparty resident who, according to their general surgery expert, failed to take certain action during the course of a second surgery, since the expert did not say that this failure was a deviation from the accepted standard of care (see e.g. Frye v Montefiore Med. Ctr., 70 AD3d 15, 24 [1st Dept 2009]).
The hospital also failed to establish prima facie that defendant Green is not its employee and that therefore it cannot be held vicariously liable for Green’s acts and/or omissions (see e.g. Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]). Green testified that he was an employee of the hospital, where he had privileges and maintained a private practice. The hospital’s claim on appeal that Green merely had “an administrative title” there and “saw Ms. Collins at Dr. Bitan’s request in his capacity as a private attending physician,” is unsupported by the record.
The lack of informed consent claim against the hospital should be dismissed because the record shows that defendant Bitan informed Ms. Collins of the risks associated with the surgery *474 and told her that a vascular surgeon would be on hand, and obtained her written consent, and there is no evidence that the hospital was required by the nature of the surgery to obtain her further consent “or to verify in some other way that the surgeon had done his duty” (see Florentino v Wenger, 19 NY2d 407, 415 [1967]).
Plaintiffs’ claim that the hospital negligently granted privileges to the individual defendants should be dismissed because there is no evidence that the hospital had any reason to question the doctors’ qualifications. Indeed, plaintiffs did not oppose defendants’ motion as to this claim. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.